[Cite as *In re J.T.*, 2017-Ohio-1303.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN RE: | : | Appellate Case No. 27343 |
| J.T. | : | Trial Court Case No. JC-2014-7957 |
|  | : | (Juvenile Appeal from |
|  | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of April, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Appellee, Montgomery County Children Services Board

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, 131 North Ludlow Street, Suite 386 Talbott Tower, Dayton, Ohio 45402
    Attorney for Appellee, Father

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 111 West First Street, Suite 518, Dayton, Ohio 45402
    Attorney for Appellant, Mother

KATHLEEN BISHOP, Post Office Box 49202, West Carrollton, Ohio 45449
    Guardian ad litem

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} T.T. ("Mother") appeals from the trial court's judgment entry awarding appellee D.T. ("Father") legal custody of their minor child following a dependency adjudication.

{¶ 2} In her sole assignment of error, Mother contends the trial court erred in awarding Father legal custody where he failed to prove by clear and convincing evidence that such a disposition is in the child's best interest.

{¶ 3} The record reflects that appellee Montgomery County Children Services ("MCCS") became involved with Mother and the child at issue following a September 2014 domestic-violence complaint at the home where they resided together. On that occasion, a police officer heard the child, who then was 13 years old, accuse Mother of hitting her and heard Mother cursing at the child. The officer described conditions inside the home as "horrible" and a "fire hazard." Mother ordered the officer out of the home, claimed there was no problem, and accused the child of lying. The child claimed, however, that Mother had slapped her and had tried to pepper-spray her. Mother was arrested for domestic violence, and the child was placed in the temporary care of Father. MCCS caseworker Melanie Hennessey subsequently visited Mother at her home. Hennessey described the interior as cluttered with trash and debris to the point that it was difficult to move and that no food could be prepared. Shortly thereafter, Mother removed a significant amount of trash and debris, and the child was returned to her.

{¶ 4} The following month, Mother was arrested for shoplifting at a Wal-Mart store. At that time, Mother was accompanied by the child, who told police that Mother had asked her to carry some of the stolen merchandise out of the store. Mother was arrested

for shoplifting and child endangering, and the child returned to Father's care. The child later went back to Mother after her release from jail.

{¶ 5} In December 2014, MCCS filed a dependency complaint based on concerns about the foregoing issues and others. Following a hearing, the trial court adjudicated the child dependent and placed the child with Father with interim protective supervision to MCCS. In April 2015, a magistrate entered a dispositional order awarding Father temporary custody, again with protective supervision to MCCS, and with Mother receiving supervised visitation. The trial court overruled Mother's objections and adopted the magistrate's decision. Mother appealed. This court affirmed the award of temporary custody to Father in *In re J.T., 2d Dist.* Montgomery No. 26839, 2016-Ohio-602. In so doing, we concluded, among other things, that the trial court properly had considered the appropriate best-interest factors and that its dispositional order was supported by competent, credible evidence.

{¶ 6} In April 2016, Father moved for legal custody of the parties' child. Following a June 2016 hearing, a magistrate awarded Father legal custody with one year of protective supervision by MCCS. Mother filed objections, which the trial court overruled in October 2016. In its ruling, the trial court found, among other things, that an award of legal custody to Father is in the child's best interest. The trial court addressed the statutory best-interest factors and made detailed findings, with citations to the record, for each of them. (Doc. # 4 at 3-10).

{¶ 7} In her present appeal, Mother contends Father failed to prove by clear and convincing evidence that awarding him legal custody is in the child's best interest. Mother addresses the best-interest factors found in both R.C. 3109.04(F)(1) and R.C.

2151.414(D)(1) and challenges the trial court's decision.

{¶ 8} With regard to R.C. 3109.04(F)(1), Mother asserts (1) that the record does not reveal why the child wants to live with Father, (2) that the trial court did not interview the child, (3) that the child resided with her until the fall of 2014, (4) that her relationship with the child did not justify awarding Father legal custody, (5) that the evidence does not support a finding that the child's emotional condition improved while with Father, (6) that she had completed or was in the process of completing her case-plan requirements, (7) that she would facilitate parenting time by Father if he did not have custody, and (8) that Father has a substantial child-support arrearage.

{¶ 9} With regard to the similar factors found in R.C. 2151.414(D)(1), Mother asserts that the record lacks evidence of her having a "strained" relationship with the child. She then repeats some of her earlier points, arguing (1) that the child was not interviewed, and the child's wishes were conveyed by the guardian ad litem, (2) that the child resided with her until the fall of 2014, and (3) that she had completed most, if not all, of her case-plan objectives. Rather than granting Father legal custody, Mother asserts that the trial court should have ordered a second extension of temporary custody, either to Father or to MCCS, to give her an opportunity to reunite with the child within a reasonable time.

{¶ 10} Upon review, we find Mother's assignment of error to be unpersuasive. As a threshold matter, her argument about a lack of "clear and convincing evidence" is misplaced. The trial court awarded Father legal custody of the parties' child. Mother's parental rights were not terminated. Therefore, the trial court's best-interest finding must be supported by the preponderance of the evidence, not by clear and convincing evidence. *In re Starks*, 2d Dist. Darke No. 1646, 2005-Ohio-1912, ¶ 11-16. Moreover, we

will not reverse the trial court's award of legal custody to Father absent an abuse of discretion. *In re M.O.*, 2d Dist. Montgomery No. 26457, 2015-Ohio-2430, ¶ 7. The phrase "abuse of discretion" implies that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} We see no abuse of discretion here because the evidence overwhelmingly supports a determination that awarding legal custody to Father is in the child's best interest. The pertinent best-interest factors are found in R.C. 3109.04(F)(1). *In re D.S.*, 2d Dist. Clark No. 2013 CA 51, 2014-Ohio-2444, ¶ 8-9. As relevant here, they include (1) the parents' wishes, (2) the child's wishes, (3) the child's interaction with parents, siblings, and others, (4) the child's adjustment to home, school, and community, (5) the mental and physical health of all persons involved, (6) the parent more likely to honor visitation, and (7) whether either parent has failed to make required child-support payments.

{¶ 12} The trial court properly considered the parents' wishes and the wishes of their child, who made clear that she wants to reside with Father.[1] The record reflects that Father has a good relationship with the child. At the time of the most recent hearing, the child was 15 years old and had been living with Father for well over a year. She is happy, comfortable, and thriving with Father. The child also has a good relationship with the paternal grandmother and two half-siblings who reside in the home. The child's relationship with Mother, however, is quite poor. Their interaction is volatile and their conversations are argumentative. In the six months prior to the June 2016 hearing,

---

[1] Although Mother contends the child was not interviewed, the magistrate's decision indicates that an in-camera interview did occur. Regardless, the child's wishes were conveyed through the caseworker and the guardian ad litem.

Mother and the child did not visit each other in person. Moreover, the record contains evidence that their relationship did not improve during the roughly 15 months that the child was out of Mother's house. MCCS caseworker Hennessey saw no reasonable possibility that the child could be placed with Mother during a second extension of temporary custody if it were ordered. The guardian ad litem, Kathy Bishop, likewise recommended legal custody to Father and opined that a second extension of temporary custody would be "futile." The child's adjustment to home, school, and community also supports awarding Father legal custody. The record reflects that the child is much happier with Father and that her school attendance and performance have improved.

{¶ 13} With regard to the mental and physical health of all persons involved, the child has no special needs but does participate in counseling, which is going well. Father has participated in at least one counseling session with the child, but Mother has not yet done so. Mother has participated in her own counseling sessions. She takes various medications to treat mental and physical health problems, which include a personality disorder, anxiety disorder, and depression disorder. As for facilitating visitation, the record reflects that Father is very cooperative and is willing to take the child to visit Mother whenever the child wants to go. The trial court found that he has not done anything to restrict or interfere with Mother's parenting time. Visitation simply has been at the child's discretion. The trial court also properly took into consideration the fact that Father has a significant child-support arrearage. It noted, however, that he is employed and is making payments toward it.[2]

---

[2] As noted above, Mother's appellate brief also mentions the best-interest factors found in R.C. 2151.414(D)(1). Those factors apply to permanent-custody motions. *In re C.N.*, 2d Dist. Montgomery No. 27119, 2016-Ohio-7322, ¶ 50. In any event, to the extent that

**{¶ 14}** Although Mother contends she has completed, or substantially completed, her case-plan objectives, the trial court found otherwise. It found her objectives incomplete, most notably with regard to verifiable income and housing, both of which were lacking at the time of the June 2016 hearing. The trial court also noted her ongoing relationship problems with the child. Conversely, the trial court found that Father had completed his case-plan objectives. Among other things, he had obtained safe, stable housing and had a history of full-time employment. The record does reflect that Father had prior drug-related criminal convictions and had served prison time. The record also indicates, however, that he has complied with the requirements of his probation and parole, that he has passed random drug tests, that he has stayed out of additional legal trouble, and that he is providing for all of the child's needs.

**{¶ 15}** Having reviewed the record, we see no error in the trial court's award of legal custody to Father. The evidence overwhelmingly supports that disposition, which is not an abuse of discretion. Mother's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court, Juvenile Division, is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

---

those permanent-custody factors may be relevant to a legal-custody determination (based on R.C. 3109.04(F)(1)'s catch-all "all relevant factors" language), Mother's analysis of the R.C. 2151.414(D)(1) factors is repetitive of her analysis under R.C. 3109.04(F)(1). Based on our own review, we see nothing in the R.C. 2151.414(D)(1) factors that would change our opinion or the outcome herein.

Copies mailed to:

Mathias H. Heck
Alice B. Peters
Charles W. Slicer, III
James S. Armstrong
Kathleen Bishop
Hon. Nick Kuntz